

# UNITED STATES DISTRICT COURT
# ARIZONA – TUCSON

April 22, 2022

USA v. Matthew Alan Chambers

Case Number: CR-22-00598-001-TUC-SHR (JR)

## ORDER SETTING CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the Court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

Defendant is ORDERED released on PERSONAL RECOGNIZANCE (O/R).

**NEXT APPEARANCE:** as directed by the Court.

**DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS:**

1. The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

2. The defendant shall not commit any federal, state, tribal or local crime.

3. The defendant shall cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

4. The defendant shall IMMEDIATELY advise his/her attorney and Pretrial Services, in writing, PRIOR to any change in residence address, mailing address or telephone number.

**Pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pretrial Services respectfully recommends the following mandatory conditions in compliance with 18 USC § 3142(c)(1)(B):**

5. The defendant shall report as directed to the U.S. PRETRIAL SERVICES 1-800-758-7505 or 520-205-4350; 405 W. Congress St., Suite 2600, Tucson, AZ 85701.

6. The defendant shall abide by the following restrictions on his or her personal associations, place of abode or **travel**: THE DEFENDANT SHALL NOT TRAVEL OUT OF THE STATE OF ARIZONA, UNLESS PRIOR COURT PERMISSION IS GRANTED TO TRAVEL ELSEWHERE.

7. The defendant shall avoid all direct or indirect contact with persons who are considered alleged victim(s) and potential witness(es).

8. The defendant shall not possess or attempt to acquire any **firearm**, destructive device, or other dangerous weapon or ammunition.

CC: Pretrial Services, USM

9. The defendant shall be released to the **third-party** custody of **Mark Chambers** and shall reside with the third-party custodian unless Pretrial Services approves the defendant to reside elsewhere.

10. The defendant shall participate in a Specialized Treatment Program and comply with all treatment requirements including taking all medications prescribed by a physician/psychiatrist and make a copayment toward the cost of such services as directed by Pretrial Services.

11. The defendant shall participate in the following location monitoring program component and shall abide by all program requirements. The defendant shall pay all or part of the cost of the participation in the location monitoring program as directed by the Court or Pretrial Services.

    **Home Detention:** The defendant is restricted to his/her residence at all times except for; employment, education, religious services, medical, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities as pre-approved by Pretrial Services.

12. The defendant shall submit to the location monitoring technology indicated below and shall abide by all technological requirements and instructions provided by Pretrial Services.

    ☒ Location monitoring technology at the officer's discretion
    ☐ Radio Frequency (RF) Monitoring
    ☐ Active GPS Monitoring
    ☐ Voice Recognition

13. The defendant shall participate in the Remote Internet and Computer Monitoring Program as ordered by the Court and follow the rules of the program. Additional conditions of the Remote Internet and Computer Monitoring Program are as follows:

    Pretrial Services is authorized, in the lawful performance of the office's duties, to monitor the defendant's computer device(s), as defined in 18 U.S.C. § 1030(e)(1) and monitor the defendant's internet activities using an agency approved computer and internet monitoring software.

    Pretrial Services is authorized to remotely access the monitoring software installed on the defendant's device(s), at any time, with or without suspicion that the defendant has violated the conditions of supervision.

    Should the defendant fail to comply with the Remote Internet and Computer Monitoring Program, the Court may impose additional restrictions that may include up to revocation of the defendant's pretrial release.

    The defendant shall pay for all or part of the cost of the Remote Internet and Computer Monitoring Program as directed by Pretrial Services. The defendant shall submit financial

records such as, bank statements, credit reports, internet and cable television statements, sales receipts, credit and debit card statements, to verify compliance with this condition and any other Court ordered condition.

The defendant shall not intentionally attempt, or direct a third-party, to remove, bypass, deactivate or impair the monitoring software.

The defendant is permitted to use a compatible, monitored computer or compatible, monitored cellular smart phone, as determined by Pretrial Services, to access the internet for legitimate purposes. Any other internet connected devices in the defendant's residence not subject to monitoring shall not be used by the defendant, be password protected, and verified by Pretrial Services for compliance.

The defendant shall submit an accounting of all internet capable and data storage media devices to Pretrial Services. Pretrial Services shall approve the number of devices the defendant may use for legitimate purposes.

The defendant shall purge any violative material prior to the installation of the monitoring software. Should the monitoring software capture any violative material after the installation of the monitoring software, the defendant may be in violation of the Remote Internet and Computer Monitoring Program.

The defendant shall not possess or use an unmonitored internet capable device such as an iPod, iPad, tablet, gaming systems, computer(s), smartphones(s) or any other device capable of connecting to the internet unless preapproved by Pretrial Services.

The defendant shall not possess any material or visual depiction, including any photograph, film, magazine, video, picture, or computer-generated image of sexually explicit conduct of minors or adults as defined by 18 U.S.C. § 2256(2).

14. The defendant shall avoid unsupervised contact with any minors under the age of 18, without the presence of a responsible adult, without prior permission of the supervising office, and shall report immediately an unauthorized contact with any minor to Pretrial Services.

15. The defendant shall reside at a residence approved by Pretrial Services.

16. The defendant may use an electronic device with internet capabilities for work purposes only. The defendant shall provide a copy of his employer's computer use policy as directed by Pretrial Services.

## ADVICE OF PENALTIES AND SANCTIONS

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE | ADDRESS AND PHONE NUMBER OF DEFENDANT |
|---|---|---|
| 4/22/22 | *Matthew Chambers* | Ref Pretrial Services Report - not public record |

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

| DATE | SIGNATURE OF CUSTODIAN |
|---|---|
| 4/22/22 | [signed] for Mark Chambers as Authorized |

*MARK A CHAMBERS*

This order authorizes the U.S. Marshal to release the defendant from custody.

**Bond set by:** Eric J. Markovich     **Defendant released by:** Eric J. Markovich

Signed before me on this date: 4/22/2022

By U.S. Magistrate Judge: [signed]

Witnessed and acknowledged before:

| DATE | SIGNATURE OF WITNESS |
|---|---|
| 4/22/22 | [signed] |